**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02430-PAB-NYW

RICHARD KEMPLE,

      Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION, a nationally chartered bank,
CITIMORTGAGE, INC., a Delaware corporation, and
BARRETT, FRAPPIER & WEISERMAN, LLP, an LLC,

      Defendants.

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Magistrate Judge Nina Y. Wang

      This matter is before the court on Plaintiff Richard Kemple's "Motion to Stay or in the Alternative Continuance of Scheduling Conference" (the "Motion"). [#6, filed December 2, 2015]. The matter is before this Magistrate Judge pursuant to the Order Referring Case dated November 5, 2015 [#4] and the memorandum dated December 2, 2015 [#7]. For the reasons addressed below, the Motion is GRANTED and I RECOMMEND that the case be ADMINISTRATIVELY CLOSED.

      Plaintiff initiated this action on November 3, 2015 by filing a Complaint asserting violations of the Truth in Lending Act ("TILA") 15 U.S.C. § 1601 *et seq.*, the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. §§ 1692-1692p, and the Colorado Fair Debt Collection Practices Act, arising out of the refinance of Plaintiff's primary residence and subsequent initiation of foreclosure proceedings. [#1] On November 9, 2015, this court set a

Scheduling Conference to be held on December 18, 2015. [#5]. To date, none of the three Defendants has been served with a summons and copy of the Complaint.

On December 2, 2015, Plaintiff filed the instant Motion representing that on November 5, 2015, he filed a petition under Chapter 13 of the United States Bankruptcy Code. [#6]. He attached the Notice of Bankruptcy Case Filing to the Motion. [#6-1]. Plaintiff further represents that the primary question presented in this civil action, "whether Defendants U.S. Bank National Association, and Citimortgage Inc., have properly asserted a claim against Plaintiff's property, i.e., his home," will be addressed "in the bankruptcy court as a core proceeding." [#6 at 2]. Plaintiff requests that the court stay this action pending resolution of the Chapter 13 bankruptcy petition and conclusion of the stay imposed under 11 U.S.C. § 362;[1] or, in the alternative, continue the Scheduling Conference until the month of January. *Id.*

Upon filing for bankruptcy, "section 362 prevents creditors from taking further action against [the debtor] except through the bankruptcy court. The stay protects debtors from harassment and also ensures that the debtor's assets can be distributed in an orderly fashion, thus preserving the interests of the creditors as a group." *In re Johnson*, 575 F.3d 1079, 1083 (10th Cir. 2009) (citation omitted). The automatic stay does not prevent the debtor from taking action against his creditors, nor does it prevent creditors from defending their rights in a proceeding brought by the debtor. *In re Bryner*, 425 B.R. 601, 604-05 (10th Cir. BAP 2010). Nonetheless, this court is mindful that Defendants could take action in this proceeding that would convert their "defensive" presence, which is permitted under section 362, into an "offensive," and therefore impermissible, posture. *See id.* at 605-06.

---

[1] While Plaintiff cites to "28 U.S.C. § 362" as the basis of the automatic stay [#6 at 2], the court believes that Plaintiff intended to cite to 11 U.S.C. § 362.

Local Rule of Practice 41.2, D.C.COLO.LCivR, allows the administrative closure of cases subject to reopening, as follows:

> A district judge or a magistrate judge exercising consent jurisdiction may order the clerk to close a civil action administratively subject to reopening for good cause. Administrative closure of a civil action terminates any pending motion. Reopening of a civil action does not reinstate any such motion.

"Use of the administrative-closure mechanism allows district courts to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending)." *Patterson v. Santini*, --- F. App'x ----, 2015 WL 7003386, at *3 (10th Cir. November 12, 2015) (quotation marks and citation omitted). Indeed, the Tenth Circuit has recognized that an automatic stay may be appropriate due to the initiation of bankruptcy proceedings. *Id.* (citing *WRS, Inc. v. Plaza Entm't, Inc.,* 402 F.3d 424, 426 (3d Cir. 2005)). This case presents appropriate circumstances justifying administrative closure subject to reopening for good cause under the Local Rule.

Consistent with the reasons as set forth herein, this court hereby **ORDERS**:

(1) The Motion to Stay or in the Alternative Continuance of Scheduling Conference [#6] be **GRANTED IN PART and DENIED IN PART**; and

(2) The Scheduling Conference set for December 18, 2015 and accompanying deadlines are **VACATED** to be reset by further court order, if necessary.

This court further respectfully **RECOMMENDS** that:

(1) The case be administratively closed subject to reopening for good cause.

4

DATED: December 3, 2015                BY THE COURT:

                                       s/Nina Y. Wang_____
                                       United States Magistrate Judge