**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02430-PAB-NYW

RICHARD KEMPLE,

    Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION, a nationally chartered bank,
CITIMORTGAGE, INC., a Delaware corporation, and
BARRETT, FRAPPIER & WEISERMAN, LLP, an LLC,

    Defendants.

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

This matter is before the court on Plaintiff Richard Kemple's "Motion to Stay or in the Alternative Continuance of Scheduling Conference" (the "Motion"). [#6, filed December 2, 2015]. The matter is before this Magistrate Judge pursuant to the Order Referring Case dated November 5, 2015 [#4] and the memorandum dated December 2, 2015 [#7]. For the reasons addressed below, the Motion is GRANTED and I RECOMMEND that the case be ADMINISTRATIVELY CLOSED.

Plaintiff initiated this action on November 3, 2015 by filing a Complaint asserting violations of the Truth in Lending Act ("TILA") 15 U.S.C. § 1601 *et seq.*, the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. §§ 1692-1692p, and the Colorado Fair Debt Collection Practices Act, arising out of the refinance of Plaintiff's primary residence and subsequent initiation of foreclosure proceedings. [#1] On November 9, 2015, this court set a

Scheduling Conference to be held on December 18, 2015. [#5]. To date, none of the three Defendants has been served with a summons and copy of the Complaint.

On December 2, 2015, Plaintiff filed the instant Motion representing that on November 5, 2015, he filed a petition under Chapter 13 of the United States Bankruptcy Code. [#6]. He attached the Notice of Bankruptcy Case Filing to the Motion. [#6-1]. Plaintiff further represents that the primary question presented in this civil action, "whether Defendants U.S. Bank National Association, and Citimortgage Inc., have properly asserted a claim against Plaintiff's property, i.e., his home," will be addressed "in the bankruptcy court as a core proceeding." [#6 at 2]. Plaintiff requests that the court stay this action pending resolution of the Chapter 13 bankruptcy petition and conclusion of the stay imposed under 11 U.S.C. § 362;[1] or, in the alternative, continue the Scheduling Conference until the month of January. *Id.*

Upon filing for bankruptcy, "section 362 prevents creditors from taking further action against [the debtor] except through the bankruptcy court. The stay protects debtors from harassment and also ensures that the debtor's assets can be distributed in an orderly fashion, thus preserving the interests of the creditors as a group." *In re Johnson*, 575 F.3d 1079, 1083 (10th Cir. 2009) (citation omitted). The automatic stay does not prevent the debtor from taking action against his creditors, nor does it prevent creditors from defending their rights in a proceeding brought by the debtor. *In re Bryner*, 425 B.R. 601, 604-05 (10th Cir. BAP 2010). Nonetheless, this court is mindful that Defendants could take action in this proceeding that would convert their "defensive" presence, which is permitted under section 362, into an "offensive," and therefore impermissible, posture. *See id.* at 605-06.

---

[1] While Plaintiff cites to "28 U.S.C. § 362" as the basis of the automatic stay [#6 at 2], the court believes that Plaintiff intended to cite to 11 U.S.C. § 362.

2

Local Rule of Practice 41.2, D.C.COLO.LCivR, allows the administrative closure of cases subject to reopening, as follows:

> A district judge or a magistrate judge exercising consent jurisdiction may order the clerk to close a civil action administratively subject to reopening for good cause. Administrative closure of a civil action terminates any pending motion. Reopening of a civil action does not reinstate any such motion.

"Use of the administrative-closure mechanism allows district courts to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending)." *Patterson v. Santini*, --- F. App'x ----, 2015 WL 7003386, at *3 (10th Cir. November 12, 2015) (quotation marks and citation omitted). Indeed, the Tenth Circuit has recognized that an automatic stay may be appropriate due to the initiation of bankruptcy proceedings. *Id.* (citing *WRS, Inc. v. Plaza Entm't, Inc.,* 402 F.3d 424, 426 (3d Cir. 2005)). This case presents appropriate circumstances justifying administrative closure subject to reopening for good cause under the Local Rule.

Consistent with the reasons as set forth herein, this court hereby **ORDERS**:

(1)   The Motion to Stay or in the Alternative Continuance of Scheduling Conference [#6] be **GRANTED IN PART and DENIED IN PART**; and

(2)   The Scheduling Conference set for December 18, 2015 and accompanying deadlines are **VACATED** to be reset by further court order, if necessary.

This court further respectfully **RECOMMENDS** that:

(1)   The case be administratively closed subject to reopening for good cause.[2]

---

[2] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that

---

does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED: December 3, 2015          BY THE COURT:

                                         s/Nina Y. Wang_____
                                         United States Magistrate Judge